IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

HASSAN SHABAZZ,                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          Civil Action No. 3:04CV361–HEH
                                   )
WARDEN PAGE TRUE,                  )
                                   )
          Defendant.               )

## MEMORANDUM OPINION
### (Denying Rule 60(b)(4) Motion)

By Memorandum Opinion and Order entered on December 7, 2004, the Court

denied Hassan Shabazz's petition to vacate, set aside, or correct his sentence pursuant to

28 U.S.C. § 2254. *See Shabazz v. Attorney Gen. of Va.*, No. 3:14CV824, 2016 WL

2349110, at *1 (E.D. Va. May 3, 2016) (citation omitted). The United States Court of

Appeals for the Fourth Circuit dismissed Shabazz's appeal. *Shabazz v. Braxton*, 91 F.

App'x 296 (4th Cir. 2004). By Memorandum Opinion and Order entered on May 3,

2016, the Court dismissed a second § 2254 petition filed by Shabazz as successive and

unauthorized. *Shabazz*, No. 3:14CV824, 2016 WL 2349110, at *2. Undeterred, on May

22, 2017, Shabazz filed a motion pursuant to Federal Rule of Civil Procedure Rule

60(b)(4) ("Rule 60(b) Motion," ECF No. 21). As explained below, the Rule 60(b)

Motion must be treated as a successive, unauthorized 28 U.S.C. § 2254 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the

jurisdiction of the district courts to hear second or successive applications for federal

habeas corpus relief by prisoners attacking the validity of their convictions and sentences

by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing 28 U.S.C. § 2244(b)(3)) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2254 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted). Here, Shabazz's Rule 60(b) Motion raises challenges to his firearm and robbery convictions, rather than any defects in his federal habeas proceedings. Accordingly, the Court must treat the Rule 60(b) Motion as a

successive § 2254 petition. The Clerk will be directed to assign a civil action number to the successive, unauthorized § 2254 Petition (ECF No. 21). The § 2254 Petition will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Shabazz has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order shall issue.

/s/

Henry E. Hudson
United States District Judge

Date: Oct. 24, 2017
Richmond, Virginia

3